IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **State Farm Lloyds as subrogee** | § | |
| **of Eun Og Chang,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Civil Action No. 3:15-CV-1185 |
| | § | |
| **Titeflex Corporation, Gastite Division,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT TITEFLEX CORPORATION'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant Titeflex Corporation ("Titeflex") and files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and removes this case from the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  Titeflex denies the allegations of Plaintiff's Petition, and any amendments thereto, along with the damages contained therein and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## BASIS FOR REMOVAL

1. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, excluding interest and costs.  *See* 28 U.S.C. § 1332(a).

2. Removal is also proper because this civil action involves a controversy between citizens of different states.  28 U.S.C. § 1332(a).

3. Plaintiff, as subrogee, is acting on behalf of a citizen of the State of Texas.  *See*

Exhibit "F2".

4. Titeflex is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Springfield, Maryland.

5. The face of Plaintiff's Original Petition recites that Plaintiff is seeking monetary relief of "at least $248,659.39." *See* Exhibit "F2".

## REMOVAL IS PROPER

6. On February 6, 2015, Plaintiff filed its Original Petition in this matter in the 160th Judicial District Court of Dallas County, Texas.

7. On March 23, 2015, Titeflex was served with a copy of Plaintiff's Original Petition in this matter.

8. Titeflex files this notice of removal within the 30-day period required by 28 U.S.C. § 1446(b)(3).

9. Venue is proper in this district under 28 U.S.C. § 1446(a) because the state court where the suit has been pending is located in the district.

10. Titeflex consents to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A); *Cook v Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009).

11. Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as Exhibits "F1" – "F6", as required by 28 U.S.C. § 1446(a).

12. Titeflex will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

13. Titeflex demanded a jury in the state court suit.

WHERFORE, PREMISES CONSIDERED, Titeflex respectfully requests that this action be removed from the 160th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Trey Yarbrough*
**Trey Yarbrough**
Bar No. 22133500
trey@yw-lawfirm.com
Yarbrough Wilcox, PLLC
100 E. Ferguson, Suite 1015
Tyler, Texas 75702
903-595-3111 office
903-595-0191 fax

**ATTORNEY FOR DEFENDANT**
**TITEFLEX CORPORATION**

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 20th day of April, 2015.

*/s/ Trey Yarbrough*
**Trey Yarbrough**