IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **State Farm Lloyds as Subrogee of Eun Og Chang,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Civil Action No. 3:15-cv-1185 |
| **Titeflex Corporation, Gastite Division,** | § § § | |
| **Defendant.** | § | |

**DEFENDANT TITEFLEX CORPORATION'S ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Titeflex Corporation ("Titeflex"), named as a Defendant in this action, files this Original Answer to Plaintiff's First Amended Complaint and responds to the paragraphs, as follows:

**INTRODUCTION**

While Plaintiff's First Amended Complaint does not state its claims in numbered paragraphs, as required by Fed. R. Civ. P. 10(a), Titeflex will respond to each paragraph within Plaintiff's First Amended Complaint sequentially.

**I. PARTIES, VENUE AND JURISDICTION**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore deny them.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is

required. To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## II.   STRICT PRODUCTS LIABILITY

6. Defendant admits that this suit, on its face, involves a products liability cause of action. Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

## III.   FACTS

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Edgar Medrano was the owner of the property located at 3648 Smoke Tree Trail, Euless, Tarrant County, Texas. Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

## IV.   CAUSES OF ACTION AGAINST DEFENDANT TITEFLEX
## COUNT ONE - NEGLIGENCE

13. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-12 of the Complaint by reference as if fully set forth below.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15, including subsection (a) – (q),

of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

**Failure to Warn**

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

## COUNT TWO – STRICT LIABILITY

23. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-22 of the Complaint by reference as if fully set forth below.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

**Safer Alternative Design**

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

## COUNT THREE: BREACH OF EXPRESS AND IMPLIED WARRANTY

31. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-30 of the Complaint by reference as if fully set forth below.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

## COUNT FOUR – FRAUDULENT CONCEALMENT

35. Defendant has instructed Plaintiff that it will be abandoning the Fraudulent Concealment cause of action if the Court grants Plaintiff leave to file its Second Amended Complaint. Defendant has informed Plaintiff that it is unopposed to the request for leave to file such based on Plaintiff's representations that this cause of action will be removed. To the extent the Court determines that a response to Paragraph 35 of the Complaint was required, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-34 of the Complaint by reference as if fully set forth below.

36. Defendant has instructed Plaintiff that it will be abandoning the Fraudulent Concealment cause of action if the Court grants Plaintiff leave to file its Second Amended Complaint. Defendant has informed Plaintiff that it is unopposed to the request for leave to file such based on Plaintiff's representations that this cause of action will be removed. To the extent the Court determines that a response to Paragraph 36 of the Complaint was required, Defendant denies the allegation set forth therein.

37. Defendant has instructed Plaintiff that it will be abandoning the Fraudulent Concealment cause of action if the Court grants Plaintiff leave to file its Second Amended Complaint. Defendant has informed Plaintiff that it is unopposed to the request for leave to file such based on Plaintiff's representations that this cause of action will be removed. To the extent the Court determines that a response to Paragraph 37 of the Complaint was required, Defendant denies the allegation set forth therein.

## V.   DAMAGES

38.     Defendant admits that Plaintiff, from the face of the Complaint, appears to be seeking monetary relief over $200,000.00 but not more than $1,000,000.00.  Defendant denies that Plaintiff is entitled to recover any monetary relief from Defendant.

39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

## PLAINTIFF'S PRAYER

41.     Plaintiff is not entitled to any damages, recovery, or relief against or otherwise adverse to Defendant in this action, nor is Plaintiff entitled to any relief requested in Plaintiff's Prayer.

## AFFIRMATIVE DEFENSES

Defendant's affirmative defenses are set forth below.  Defendant, by asserting these affirmative defenses, is not assuming the burden of proof on any issue for which it would not otherwise bear such burden.

### *First Affirmative Defense*

42.     Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third-party.  Plaintiff's recovery, if any, from Titeflex should be reduced by the comparative negligence, fault, responsibility, or causation attributable to such other parties or persons.

*Second Affirmative Defense*

43.     Pleading further, Plaintiff's claims are subject to Section 82.005 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which requires that a claimant in a products liability action who alleges a design defect prove by a preponderance of the evidence that there was a safer alternative design *and* that the defect was a producing cause of the property damage or personal injury for which the claimant seeks recovery.

*Third Affirmative Defense*

44.     Pleading further, Titeflex did not install the fuel gas piping systems or its component parts in the Medrano's property. If any negligence occurred or defect existed in connection with the gas piping system, such alleged defect or negligence was the result of the improper installation of the gas piping system or its component parts for which Titeflex is not responsible.

*Fourth Affirmative Defense*

45.     Pleading further, Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Titeflex.

*Fifth Affirmative Defense*

46.     Pleading further, Titeflex is entitled to all available credits and/or offsets provided by the TEXAS CIVIL PRACTICE & REMEDIES CODE and under Texas law and/or any other applicable law and/or statute.

*Sixth Affirmative Defense*

47.     Pleading further, in the event Plaintiff settles with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, Titeflex pleads its entitlement to have such person designated as a settling person under TEXAS CIVIL PRACTICE &

REMEDIES CODE § 33.003.

*Seventh Affirmative Defense*

48. Pleading further, in the event Plaintiff files a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, Titeflex pleads its entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004.

*Eighth Affirmative Defense*

49. Further answering and pleading in the alternative, Titeflex states Plaintiff's claim for exemplary damages is subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.001 *et seq*.

*Ninth Affirmative Defense*

50. Titeflex currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. Titeflex reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

    Respectfully submitted,

    */s/ Dallas W. Tharpe*
    **Trey Yarbrough**
    Texas Bar No. 22133500
    trey@yw-lawfirm.com
    **Dallas W. Tharpe**
    Texas Bar No. 24052036
    dallas@yw-lawfirm.com
    Yarbrough Wilcox, PLLC
    100 E. Ferguson, Suite 1015
    Tyler, Texas 75702
    903-595-3111 office
    903-595-0191 fax
    **ATTORNEYS FOR DEFENDANT**
    **TITEFLEX CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 8, 2015. All other counsel of record will be served by electronic mail and/or first class mail, postage prepaid.

*/s/ Dallas W. Tharpe*
**Dallas W. Tharpe**